

July 8, 2019

Laith J. Hamdan
Direct: 212/541-2328
Fax: 212/541-1328
Laith.Hamdan@bclplaw.com

Hon. Stewart D. Aaron
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**FILED VIA ECF**

Re:   *DK Real Estate Group LLC, et al. v. Klearwall Indus., LLC, et al.*, No. 18-cv-7439
      <u>Defendants' Position Regarding Window Testing</u>

Dear Judge Aaron:

This firm represents defendant Munster Joinery Unlimited Co. ("<u>Munster</u>") in connection with the above-referenced action. We write jointly with Klearwall Industries, LLC ("<u>Klearwall</u>," and together with Munster, the "<u>Defendants</u>"). By order dated June 24, 2019 [ECF# 52], the Court directed counsel for Defendants to meet and confer with counsel for DK Real Estate Group LLC ("<u>DKRE</u>") and DK Builders Group Inc. ("<u>DK Builders</u>" together with DKRE, the "<u>Plaintiffs</u>") to address their dispute regarding window testing. Because the parties are unable to resolve their dispute, Defendants are writing to request relief from the Court, as well as to advise the Court of their position regarding window testing.

As the Court is aware, Plaintiffs have alleged that certain windows, which were purchased from Klearwall and manufactured by Munster, are defective and permit water penetration into their buildings. Defendants claim that the windows are not defective, and to the extent water is penetrating Plaintiffs' buildings, such leakages are caused by Plaintiffs' installation of the windows. In order determine the source of alleged water leakages (*e.g.*, window installation or window assembly), Defendants have asked Plaintiffs for access to a representative sample of the windows which Plaintiffs claim are defectively designed. Intertek, Defendants' window-testing consultant, advises Defendants that approximately 8 to 10 inches of drywall must be removed from the perimeter of the windows in order for it to determine the source of any leakages that might occur during testing. Plaintiffs have refused to permit removal of drywall, or to give Defendants access to the interior of any apartment units for purposes of testing.

12792396.1

July 8, 2019
Page 2



During a discovery hearing on this issue, the Court expressed its view that "the defendants are allowed to have an expert go in and do this testing." (June 24, 2019 Transcript [ECF# 52], at 17:25-18:2.)  Despite the Court's clear expression, and the Court's order to "cooperate with one another and to come up with reasonable solutions to discovery issues" (Transcript, at 16:24-17:2), Plaintiffs continue to refuse Defendants' requests for both the removal of drywall and for access to the interior of allegedly defective windows for testing purposes.  Because Defendants were advised by their consultant that these conditions are necessary for it to determine the source of leakages, and because Plaintiffs have offered no alternative methods to determine the source of leakages, Plaintiffs' position has made it impossible to reach a mutually agreeable resolution to this dispute.

Defendants respectfully ask the Court to order that Plaintiffs (i) give Defendants access to the interior and exterior of at least three of each type of window which Plaintiffs claim are defectively designed, as well as access to sources of water and electricity for water-penetration testing equipment; and (ii) to remove approximately 8 to 10 inches of drywall from the inside perimeter of each window that is to be tested.[1]  Defendants further request that, upon the completion of testing, Defendants' financial responsibility for restoring the drywall to its original condition should be limited to two-thirds (2/3) of the total cost, as suggested by the Court during the parties' discovery hearing (*see* Transcript, at 18:2-8).

Should the Court have any questions regarding this discovery dispute, Defendants are available at the Court's convenience.  We thank you for your consideration in this matter.

Respectfully submitted,

*/s/ Laith J. Hamdan*
Laith J. Hamdan

cc:   Dennis Fleischmann (*counsel to Munster*)
      Eugene Boule (*counsel to Klearwall*)
      Tara Johnson (*counsel to Klearwall*)
      Michael Wood (*counsel to Plaintiffs*)
      Benjamin M. Rattner (*counsel to Plaintiffs*)

---

[1] Plaintiffs have not yet responded to Defendants' requests to identify particular windows, if any, which they claim were defectively manufactured (as distinct from those which allegedly contain design defects which affect the entire line of windows).  Nor have Plaintiffs responded to Defendants' requests to identify any instances of special damages, if any, caused by any particular window.  Plaintiffs' deadline to provide this information is July 15, 2019.  Defendants reserve their right to request a Court recommendation to preclude Plaintiffs from claiming special damages or manufacturing defects related to any such windows which are not identified by this deadline, or to which Defendants are not given access to inspect.  (*See* Transcript, at 32:10-13.)